## C. S. SCHOTTE v. W. B. MEREDITH, EXR.

|138  165|
|192  164|

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY.

Argued October 15, 1890—Decided November 3, 1890.

Upon a contract providing for the payment of the consideration " at any time within ten years " from a certain date, a right of action to recover the consideration will not arise until the period of ten years from the date has elapsed

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 211 October Term 1890, Sup. Ct.; court below, No. 258
March Term 1889, C. P.

On February 23, 1889, Charles T. Schotte brought assump-
sit against William B. Meredith, administrator of F. G. Schotte,
deceased, to recover the sum of $2,000, with interest from Feb-
ruary 23, 1886, payable under a contract for the sale of real
estate. The defendant pleaded non-assumpsit.

At the trial on September 13, 1890, the plaintiff offered in
evidence an article of agreement between F. G. Schotte and
Charles T. Schotte, dated February 23, 1886. Objected to, be-
cause the article of agreement did not disclose any present
cause of action. The offer was not at once ruled upon; but,
after proving the death of F. G. Schotte on April 25, 1886, the
article of agreement was again offered, to be followed "by ev-
idence showing a waiver." Objected to. Offer admitted;
exception.

By this article, dated February 23, 1886, Charles T. Schotte
covenanted to convey to F. G. Schotte, on or before April 1,
1886, his undivided one third interest in certain lands therein
described and the personal property on said lands; in consider-
ation whereof F. G. Schotte covenanted to pay to Charles T.
Schotte one dollar in hand and "two thousand dollars at any
time within ten years from" April 1, 1886, with interest.

The plaintiff then called a witness, and offered to prove that
in pursuance of the article of agreement, F. G. Schotte took
possession of the real and personal property described therein;
that he held possession until the time of his death, and that the
plaintiff never received back either the real estate or the per-
sonal property. Objected to, the plaintiff having shown no
right to bring suit. Objection sustained; exception.

After showing declarations of F. G. Schotte, shortly after
the article was executed, that "as soon as he was able he was
going to pay Charlie, as he wanted to go out west," etc., and
proving a tender of a conveyance to the administrator defend-
ant, the plaintiff rested.

The defendant then moved the court for a compulsory non-
suit. The court offered to permit the plaintiff to take a vol-

Opinion of the Court.

untary nonsuit, which was declined. Thereupon a judgment of nonsuit was entered, with leave, etc. The plaintiff at once moved the court to take off the nonsuit. Motion refused; exception.

Thereupon, the plaintiff took this appeal, assigning the order refusing to take off the judgment of nonsuit for error.

*Mr. W. D. Patton* (with him *Mr. H. L. Golden*), for the appellant.

Counsel cited: Farmers Ins. Co. v. Ensminger, 12 W. N. 9; Benjamin v. Zell, 100 Pa. 33.

*Mr. Ross Reynolds, Jr.,* (with him *Mr. M. F. Leason* and *Mr. J. H. McCain,*) for the appellee.

Counsel cited: Machette v. Musgrave, 1 Phila. 186; Thomas v. Shoemaker, 6 W. & S. 179; Herzberg v. Irwin, 92 Pa. 48; Nicol v. Carr, 35 Pa. 381; Dentler v. Brown, 11 Pa. 299.

PER CURIAM:

By the terms of the contract between F. G. Schotte and Charles T. Schotte, plaintiff, the former was to pay the consideration money thereof "at any time within ten years from the first day of April, A. D. 1886." The plaintiff claims that this means any time within ten years that he may require the money. The defendant is deceased, and this action was brought against his administrator. The latter contends that his decedent had ten years in which to pay the money. In this he is clearly right. A payment at any time within ten years, even upon the last day, would be a compliance with the contract. The language used is the equivalent of a promise to pay on or before ten years. The promisor may pay at any time; the promisee must wait the full time before he can sue. The plaintiff has made a foolish contract, and we cannot help him.

Judgment affirmed.