# McMichael, Appellant, *v.* Tucker.

*Decedents' estates—Promissory note—Receipts by decedent—Signature—Genuineness—Dispute—Question of fact—Evidence—Sufficiency.*

In an action on a written acknowledgment of a debt given to a decedent, a finding in favor of the defendant will be sustained, where the issue is one of fact as to the genuineness of the signatures endorsed on the certificate, evidencing certain payments on account.

A party offering a  paper in evidence must offer the whole of it, just as it is, and, if it requires explanation, the burden is upon him to explain.

Argued November 10, 1924.   Appeal, No. 202, Oct. T., 1924, by plaintiff, from judgment of Municipal Court of Philadelphia, April T., 1923, No. 15, in favor of defendant in the case of H. Clarence McMichael, Administrator of the Estate of M. Maud McMichael, deceased, v. Frederick Tucker.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on written acknowledgment of debt.   Before WALSH, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Error assigned* was, among others, refusal of plaintiff's motion for judgment non obstante veredicto.

*J. Edgar Butler,* for appellant.

*J. S. Freemann,* for appellee.

OPINION BY LINN, J., February 27, 1925:

Plaintiff, administrator of his deceased wife's estate, sued for a balance claimed on a writing dated January 1, 1920, signed by defendant, acknowledging a loan of $950 from decedent, to be repaid in three years with interest, with leave to make partial payments of at least $50 at a time. The statement of claim averred that decedent died May 31, 1922, and admitted payments to the administrator on December 9, 1922, and January 20, 1923, aggregating $218.45; the balance was claimed with interest.

The affidavit of defense averred that receipts were endorsed on the instrument, showing payments on specified dates, aggregating $335 on account of principal; that with the amount ($218.45) admitted by the statement to have been paid to the administrator before suit, defendant had paid since the bringing of the suit the balance, $442,68, and that nothing remained due. Appellant's brief says: "The issue made by the statement and affidavit of defense, therefore, was wholly one of the genuineness of the signatures on the back of the due-bill. If genuine were the receipts interlined?"

Jury trial was waived. The court found for defendant and from judgment on that finding, this appeal was taken. The statement of the question involved makes but one point for decision,—that the court should have found from the evidence that defendant had not paid in decedent's lifetime as much as he claimed then to have paid and that judgment should have gone for plaintiff for the balance due; that amount was the total of the payments shown by the endorsement on the writing to have been made, there being no dispute that the amounts claimed to have been paid since the death were received by the administrator.

Decedent was divorced from plaintiff many years before her death. She had placed the obligation on which suit was brought, in defendant's custody for safe keeping. After her death, defendant delivered the obligation

to the attorney for her administrator.   On the back of it were written receipts of payment of interest and part of the principal under various dates, over what defendant claimed to be signatures of the decedent,—signatures challenged by plaintiff.   In addition it bore an endorsement dated January 1, 1920, to the effect that the writing evidenced the only loan then owing by defendant to decedent.   Plaintiff sought to offer in evidence only the face of the paper and not the endorsements.   The court ruled that he must offer the paper as it was, with leave to show what he could, concerning the endorsements, the contention of defendant being that the endorsements acknowledged the receipt of $335 on account of the principal, as well as interest on specified dates; that ruling was correct.   "The general rule," it is said in Cary v. Cary, 189 Pa. 65, 67, "is that a party offering a paper in evidence must offer the whole of it just as it is, and if it requires explanation the burden is upon him to explain......"; see also Wallace v. Dorris, 218 Pa. 534, 539; Baldi v. Ins. Co., 30 Pa. Superior Ct. 213, 222. Plaintiff then produced evidence to show that decedent's signatures on the receipts were forged, and also contended that the order in which they appeared indicated that they were not genuine.

Three signatures were involved.   Plaintiff who for about fifteen years had not seen decedent write, said the first signature looked like her writing and he "would not say it is not genuine."   Decedent's son testified the third signature looked like her writing; her daughter said the second signature looked like her writing, and that the third "is in her hand writing."   A handwriting expert left the authenticity of the signatures in doubt.   That dispute of fact the court below resolved in accord with defendant's contention, and as there is evidence to support the finding, we are bound by it.

If therefore the fact is that in her lifetime she received the interest and $335 on account of principal, the question concerning accord and satisfaction presented in the

brief needs no consideration now as the payment of $442.68 involved in that phase of the case, was the balance due, and as has been said, was paid to plaintiff.

Judgment affirmed.