Beaver Trust Co., Guardian, *v.* Kertis,
Intervenor, Appellant.

Beaver Trust Co., Guardian, *v.* Northwestern Mut.
Life Ins. Co. (et al., Appellant).

Argued October 7, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

324

*Thompson Bradshaw,* with him *S. B. Wilson,* for appellants, cited: Gannon v. Gannon, 88 Pa. Superior Ct. 239; Weil v. Marquis, 256 Pa. 608; Irving Bank v. Alexander, 280 Pa. 466.

*Joseph Knox Stone,* for appellee, relied upon: Northwestern Mut. Life Ins. Co. v. Roth, 118 Pa. 329.

OPINION BY MR. JUSTICE SADLER, November 25, 1929:
The Northwestern Life Insurance Co. issued, on June 8, 1925, a policy for $5,000 on the life of George A. Kertis, the contract designating his six brothers as beneficiaries, with the right reserved to the insured to change the payees of the proceeds. The insured had the right to make the alteration desired without the consent of the insurer, and an assignment would be valid whether noted on the policy or not, when the clear intention of the decedent to so proceed appeared, for the action of the company in making such an endorsement is ministerial in character: Gannon v. Gannon, 88 Pa. Superior Ct. 239; Sanes's Est., 91 Pa. Superior Ct. 466. To protect the company from possible mistake in satisfying the claim when due, it was required that the policy be returned with the request to modify, so that the name of the new beneficiary could be marked thereon. Such a notation, authorized by the insured, gives requisite information to the company, and, prima facie, justifies it in settling with one designated. If, later, another claims the proceeds, he must prove, as against the insurer, who has satisfied the demand, that the alteration was secured by fraud, accident or mistake, of which the company had

knowledge: Northwestern Mutual L. I. Co. v. Roth, 118 Pa. 329; Home Life Ins. Co. v. Seager, 128 Pa. 533. In considering the effect of such endorsement, a distinction is to be drawn where the insurer has no interest in the controversy, and a proceeding in which the contest is between rival contestants, each demanding the insurance by virtue of separate transfers: Sanes's Est., supra. Here, the contest is solely between two claimants, and the noting of a change of beneficiary in favor of the defendant did not in itself constitute an assignment, though protecting the company for any payment to the one named on the faith thereof, as occurred in the present case.

Kertis married, and, on September 30, 1926, requested in writing that his wife be designated as the beneficiary. Consent to this change was endorsed on the policy. After his death, she brought suit against the company for the full amount of insurance, less certain small deductions for loans outstanding and premiums due. Thereupon, it presented a petition setting forth that part settlement had already been made with another, who claimed under a second assignment, a copy of which was attached, but disclaimed any interest in the balance unpaid. The court was asked to frame an issue between the two asserting rights to the fund remaining, and it was directed that a suit be instituted in which the guardian of the widow, first assignee, should be plaintiff, and the brother, second assignee, defendant. The former was directed to file a statement, setting forth her claim, and the latter an affidavit of defense defining his right, the judgment against the insurance company to be limited to the amount still in its custody. This balance was not paid into court, and the suit against it was therefore not discontinued. A second action was brought as ordered by the court, the widow setting forth her demand, to which an answer was filed by the defendant, asserting his right to the fund by reason of a second assignment, no copy of which was attached,

though reference was made to a paper, purporting to authorize a change of beneficiary, appended to the petition of the insurer, already referred to. The trial which followed resulted in a verdict against the insurance company for the amount admitted to be due, and which it had agreed to pay to the claimant found entitled, in which proceeding the second assignee had intervened, and, generally, against the defendant in the suit based on the issue framed. Appeals have been taken in both cases by the latter from refusal to enter judgments n. o. v. in his favor.

At the trial, it was undisputed that the policy was in force at the date of decedent's death, and proofs of loss were properly submitted. It was also shown that a balance remained due by the company, there having been deducted from the face of the policy the amount due it, and also the sum paid in good faith to the brother, who claimed to be the last assignee. The right of the widow to recover the amount already advanced to him was not in question in this proceeding. If the brother received any sum without right, an action of assumpsit may be subsequently brought to compel payment (Keating v. Rockhill, 78 Pa. Superior Ct. 139), but with this question we are not at present concerned. The only matter at issue was, therefore, the determination of the one entitled to the balance of the insurance money. Plaintiff claimed by virtue of the written request, dated September 30, 1926, substituting her as the beneficiary, consented to by the insurer, the proper execution of which is not in dispute. The defendant based his right on a paper dated July 20, 1928, referred to by the company in its petition asking that an issue be framed, and in which he was named as the one entitled. The second direction for change of beneficiary was executed by the decedent while in a hospital, two days before his death, but not delivered to the company until July 30th, eight days thereafter. Defendant had secured possession of the policy itself, though that was not sufficient to show he

was the assignee (Greentaner v. Connecticut F. Ins. Co., 228 N. Y. 388, 127 N. E. 249), and had forwarded the same for endorsement. It was because of this notice that a first payment, already referred to, had been made to the brother. The incompetency of the insured to transact any business, on the date when this transfer was signed, was asserted by the wife.

The defendant produced the original contract of insurance at the trial on call of plaintiff. It was then offered, as well as the original request to change the beneficiary so as to designate the wife, and the first endorsement, dated October 1, 1926, by which the company indicated its consent thereto, to establish a prima facie case for the plaintiff. No offer was made of the second endorsement, dated July 30, 1928, showing the insurer's consent to a transfer to the brother. On the contrary, the plaintiff at the trial expressly reserved the right to contradict the validity of any such assignment. This second notation did not show the request to change the beneficiary, but indicated only that the company agreed to a transfer to the one named in the new writing filed with it. Defendant objected to the admission of the policy unless both endorsements were offered in connection therewith, and was overruled, apparently on the ground that the offer was limited in scope, and the making of the subsequent transfer to the brother, claimant, was a matter of defense, to be established by preliminary proof that such an assignment had been executed by decedent, and then followed by showing consent of the company thereto. We see no error in this ruling. This was not a suit against the company, which relied upon the written endorsement as defense on the ground of a payment made because of it, but a contest between the two claimants, as to which was the proper assignee. It was sufficient for plaintiff to show the written request that she be named beneficiary, assented to by the insurer. Her offer of these papers was made for that purpose only, and not generally.

Ordinarily, when a writing is admitted in evidence, it is to be considered in its entirety (Cary v. Cary, 189 Pa. 65), but relevant parts may be submitted for a special, competent purpose without offering the whole. It was so determined, after careful discussion of the relevant authorities, by Judge RICE, in Baldi v. Metropolitan Ins. Co., 30 Pa. Superior Ct. 213, where proofs of loss were submitted for one purpose only. See also, Dechter v. National Council, 130 Minn. 329, 153 N. W. 742. It will be noted that the policy, with the first endorsement alone, was admitted. Though objected to, and an exception granted to the court's ruling, yet its action in receiving it is not the subject of an assignment of error. If the second endorsement was deemed material to the case of defendant, in connection with proof of an actual change of beneficiary, duly executed, it could have been subsequently offered by him.

Though plaintiff could have then rested her case, yet, in view of the objection made, she further proposed to prove that the decedent was incompetent to execute any paper on the 20th, the date on which it was claimed decedent signed the request for transfer to the brother. Defendant's objection to this testimony was sustained by the court, it holding the time had not arrived for the presentation of such proof, since no evidence of a second assignment had as yet been produced, and evidence of the character proposed could only be received in rebuttal, in case defendant attempted to establish a legal transfer to him. As a result of this ruling, the plaintiff then closed. Defendant presented no testimony, claiming no prima facie right to the insurance had been established, since the policy offered could not be considered without the second endorsement written thereon, as had been permitted by the court, and, therefore, plaintiff had failed to show any right to recover. A verdict for the latter was directed, and judgment n. o. v. refused.

The conclusion reached by the court below was legally justified and should be sustained. Defendant made no

effort to show an assignment subsequent to that admittedly made to the widow, but rested his claim to the proceeds on the ground that plaintiff had not met the burden of proof to sustain her demand, since, if the policy could be considered, it must be in connection with the second endorsement, even though the latter was not offered in evidence. The notation referred to could only be effective if authorized by the insured, and no attempt was made to prove any request for the change. No demand is here made for a new trial, based on error in receiving the writing without admitting both endorsements appearing thereon, nor is any assignment of error directed thereto. The sole reason for reversal is based on the refusal to give binding instructions for defendant, or enter judgment n. o. v. in his favor, because of plaintiff's alleged failure to make out a prima facie case. Neither assignment of error can be sustained.

The judgments are affirmed in each case at the cost of the appellant.