Hensel, Appellants, *v.* Cahill.

Argued March 24, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Irwin S. Lasky*, with him *Henry W. Balka*, for appellants.

*George F. Douglas*, for appellee.

OPINION BY HIRT, J., July 21, 1955:

Plaintiffs on April 30, 1946, gave a mortgage on their property in Philadelphia in the sum of $2,000 with interest at 5% payable "within fifteen years in monthly installments of $15.82 each." In September 1949 they sold the land and under the terms of sale were obliged to deliver title free and clear of the above encumbrance. The defendant holder of the mortgage, agreed to accept $1,683.70, the balance of unpaid principal and $233.64 as interest, computed at the rate of $2\frac{1}{2}\%$ thereon for the balance of the term of the mortgage. Plaintiffs paid these amounts and the defend-

ant satisfied the mortgage. Thereafter plaintiffs brought this action to recover $233.64 contending that under its terms the holder was obliged to satisfy the mortgage at any time on payment of the balance of unpaid principal with interest to the date of payment and that the defendant exacted the additional interest from them by duress. The monthly payments of $15.82, if made according to the terms of the mortgage, would have discharged the obligation, principal and interest at 5% in precisely fifteen years from its date, and the mortgage by its terms did not allow plaintiffs to anticipate these stated payments in any amount. In our view plaintiffs could not have compelled the satisfaction of the mortgage at any time on the payment of the balance of principal with interest to the date of payment. The mortgage was payable "within fifteen years" but by its terms specified exactly how it was to be paid within that period. The monthly payment of $15.82 was both the minimum required and the allowable maximum which the defendant was obliged to accept. Accordingly the principle of *Schotte v. Meredith*, 138 Pa. 165, 20 A. 936, involving a mortgage payable "at any time" within its stated term, has no application. The same may be said of *Horstman v. Gerker*, 49 Pa. 282, in which the holding was that a mortgage "payable in five years" without limitation, allowed a discharge at any time on payment within that period.

The lower court was of the opinion that the plaintiffs could not compel the defendant to satisfy the mortgage, under its terms, at any time on payment of the remaining principal with interest only to the date of payment. But the judgment was entered on the ground that plaintiffs' own testimony established that the payment was made in settlement of a dispute as to the rights of the parties in that respect. In the ab-

sence, particularly, of an appellate court decision construing a similar obligation, there was room for a dispute as to the legal effect of the terms of the mortgage which plaintiff gave. And the record in this case establishes that plaintiffs entered into an agreement with the defendant and, in pursuance of it, paid the balance of principal together with interest at $2\frac{1}{2}\%$ to the end of the term of the mortgage in settlement of the dispute. Plaintiffs after selling their property, and before September 14, 1949 the settlement date, through their real estate estate broker, requested a statement from the defendant as to "the balance required to satisfy the mortgage." Defendant in reply by letter dated September 9, 1949 referred to his understanding that the mortgage could not be paid off according to its terms except in the stipulated monthly amount but stated that he had purchased the mortgage for the trust estate ". . . on the basis of obtaining an investment that would continue during the period provided in the mortgage, and if the mortgage is now paid off the Estate will be obliged to reinvest the proceeds most likely in Government Bonds and will lose the benefit of the interest rate of the mortgage. However. the parties entitled to the income in the Estate agree that the mortgage could be satisfied upon payment of one-half of the interest which would accrue from the present time up to final payment, which would otherwise be payable on the mortgage, which at the $2\frac{1}{2}\%$ rate would amount to $233.64." An enclosure with the letter set forth the amount of the unpaid balance of principal and the disputed item of interest amounting to $233.64 together with this statement: "Upon receipt of check for the amount due as above set forth the mortgage will be satisfied of record." There is evidence of defendant's additional offer to make a refund of a part of the interest item of $233.64 if he should be able

to "make a satisfactory reinvestment of the proceeds of the mortgage within six months." Plaintiffs deposited with the Title Company the sum of $1,920.34, which included a satisfaction fee, and this amount was paid to the defendant on satisfaction of the mortgage.

Plaintiffs offered the defendant's letter of September 9, 1949 in evidence for the purpose of proving duress. Under the offer it properly was considered by the lower court in its entirety. *Beaver Tr. Co. Guar. v. Kertis et al.,* 298 Pa. 322, 328, 148 A. 471; one who offers a paper in evidence, in general must offer the whole of it. *McMichael v. Tucker,* 84 Pa. Superior Ct. 602; and since the contents of the letter offered by plaintiff was not contradicted by other evidence, the plaintiffs are bound by it. *Miller v. Gault,* 345 Pa. 474, 29 A. 2d 71. Duress was not proven. Defendant's offer in the above letter, accepted by plaintiffs by the payment of the amount set forth in the accompanying statement, constituted proof of settlement of the dispute by agreement. There is no suggestion of fraud in this case and it is not unreasonable to assume that if plaintiffs were not satisfied with their agreement they would have paid the balance of principal with 5% interest into court under §14 of the Act of April 3, 1851, P. L. 868, 21 PS §684, where after satisfaction of the mortgage the question of their liability for interest could have been determined.

The consideration for the agreement of settlement of the dispute was the defendant's forebearance in not requiring the payment of interest at the full rate stated in the mortgage to the end of its term. "It is the general rule, that where a dispute exists, . . . and the parties enter into an agreement for the purpose of settling the dispute, they will be bound by the agreement," in the absence of fraud, and "The sufficiency of the consideration for a compromise is not to be de-

termined by the soundness of the original claim of either party. The very object of compromise is to avoid the risk or trouble of that question: Fink v. Farmers' Bank, 178 Pa. 154-170": *Zentmyer v. Zentmyer,* 69 Pa. Superior Ct. 496; *Sutton v. Dudley,* 193 Pa. 194, 44 A. 438; *Scranton Gas & W. Co. v. Weston,* 57 Pa. Superior Ct. 355; *I. L. Lyons Co. v. Mahn,* 62 Pa. Superior Ct. 478.

In any view the questions here were wholly of law. Judgment affirmed.