Beth-June, Inc. *v.* Wil-Avon Merchandise
Mart, Inc., Appellant.

6

Argued June 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Malcolm M. Blumberg,* with him *Jay H. Eiseman,* and *Barba and Eiseman,* for appellant.

*Harry Lore,* with him *Dorfman, Pechner, Sacks & Dorfman,* for appellee.

OPINION BY MONTGOMERY, J., September 15, 1967:

This case is before us on a petition for a declaratory judgment and an answer thereto. There being no issue of fact the trial judge granted the plaintiff's motion for judgment on the pleadings and denied the defendant's motion. From this judgment the defendant appealed to this Court.

The undisputed facts in this case are as follows. On September 15, 1959 the defendant, Wil-Avon Merchandise Mart, Inc., conveyed to the plaintiff, Beth-June, Inc., certain land in Grove Township, Chester, Pennsylvania. Simultaneously with this conveyance plaintiff executed a mortgage in favor of the defendant in the sum of $142,500 together with bond and warrant, "payable within ten years from the date thereof, together with interest thereon from the date thereof at the rate of 6% per annum, said principal and interest to be payable in monthly installments as following: (a) in monthly installments of $1306.03 each commencing October 15, 1959 and on the 15th day of each month thereafter up to and including September 15, 1964. (b) Thereafter the principal balance then remaining unpaid shall be amortized in equal monthly installments commencing October 15, 1964 and on the 15th day of each month thereafter, and the balance of principal remaining unpaid together with accrued interest thereon, if not sooner paid, to be paid on September 15, 1969."

This mortgage contained a prepayment provision which expressly gave the plaintiff the right to make prepayment of the balance of the debt on the anniversary of any yearly period and further provided for various discounts if prepayment of the entire balance was made within the first five years of the mortgage.[1]

---

[1] "PROVIDED, however, and it is expressly understood and agreed that the Mortgagor its successors and assigns shall have the right

The plaintiff defaulted in its monthly payments and judgment was entered on the bond and warrant on August 9, 1960. On May 17, 1961 the parties entered into a written agreement settling their dispute and re-establishing the mortgage and debt of September 15, 1959. At this time the plaintiff paid the defendant $14,366.33, representing the eleven monthly installments due on the mortgage commencing with June 15, 1960 up to and including the payment due on April 15, 1961. In addition the plaintiff agreed to fully perform and make all payments under the 1959 mortgage. Both parties at this time recognized the terms, conditions and provisions of the 1959 mortgage as being in full force and effect, without any change, waivers or modification except that the plaintiff "waives and relinquishes all of its rights and privileges under or arising out of the" aforementioned prepayment and discount "Proviso".

The plaintiff subsequently sold the land upon which the 1959 mortgage had been placed and on July 14, 1966 tendered the sum of $22,164.66 as the principal balance due on this mortgage. The defendant accepted this amount but demanded an additional sum of $4,-

---

to make prepayment of entire balance due on mortgage herein created on the anniversary of any yearly period. In the event Mortgagor makes prepayment of the entire balance of mortgage due within first two year period, it shall be entitled to reduction of Five Thousand Dollars ($5,000.00) on the principal payment. In the event Mortgagor makes prepayment of the entire balance due during third year, it shall be entitled to reduction in the amount of Four thousand Dollars ($4,000.00) on the principal payment. In the event Mortgagor makes prepayment of the entire balance due during fourth year, it shall be entitled to reduction in the amount of Three thousand Dollars ($3,000.00) on the principal payment. In the event Mortgagor makes prepayment of the entire balance during fifth year, it shall be entitled to reduction in the amount of Two thousand Dollars ($2,000.00) on the principal payment."

211.25 representing interest on the principal sum from July 31, 1966 until September, 1969, the date of final payment under the terms of the bond and mortgage. It was agreed between the parties at this time that the disputed amount would be placed in escrow pending the legal determination of the right of the plaintiff to prepay, without further payment of interest from the date of prepayment to the maturity date of the bond and mortgage. The lower court found that the right to prepay the principal together with accrued interest was clearly established in the payment provisions of the mortgage by the language providing for the amortization of principal remaining unpaid after the first five years, and that it was the intent of the parties in their May 17, 1961 agreement by striking out the above quoted provision to eliminate only the discount to be given if prepayment was made within the first five years of the mortgage. From this interpretation of the contract between the parties the mortgagee defendant appeals.

The questions raised in this appeal are whether the 1959 mortgage as modified by the 1961 agreement permitted the prepayment of principal and accrued interest before the maturity date of the obligation, and if not whether a penalty may be imposed for such premature payment measured by the interest which would be due from the time of prepayment to the maturity date of the mortgage.

When the payment of principal is due depends upon the wording of the mortgage and of course the intention of the parties thereto. *Hensel v. Cahill,* 179 Pa. Superior Ct. 114, 116 A. 2d 99 (1955). A mortgage payable within a certain time may be paid off at any time, thus a mortgage payable within a year from date can be paid off at any time during the year. *Horstman v. Gerker,* 49 Pa. 282 (1865). However, a mortgage which is payable within a certain number of years,

if it calls for installments in an amount which will evenly amortize the debt throughout the term of the obligation does not afford a mortgagor the right of prepayment, and the installments are the minimum which must be paid and the maximum which must be accepted by the mortgagee. *Hensel v. Cahill,* supra; Ladner on Conveyancing in Pennsylvania, §9:10, page 236 (3rd Ed. 1961).

After a close inspection of the terms and conditions of the 1959 mortgage and the 1961 agreement we hold that prepayment of the debt, in whole or in part, was contemplated and the language in the mortgage which provided that, "(b) Thereafter the principal balance then remaining unpaid shall be amortized in equal monthly installments commencing October 15, 1964 and on the 15th day of each month thereafter, and the balance of principal remaining unpaid together with accrued interest thereon, *if not sooner paid,* to be paid on September 15, 1969" (emphasis supplied) contemplates the prepayment of principal in whole or in part before the maturity of the debt. The defendant argues that the words "if not sooner paid" refer to the prepayment provisions in the "Proviso" and thus now have no independent meaning in the absence of the express prepayment and discount provisions which have been eliminated from the mortgage. This is not an unreasonable interpretation of the mortgage but is one with which we do not agree. We cannot rewrite or correct the contract between the parties and we hold that such phrase has independent significance and provides for the prepayment of the principal.

One further aspect of this case which supports our conclusion is the fact that neither the defendant nor the plaintiff availed itself of the statutory procedure available to settle disputes concerning the amount due under a mortgage, by payment of the disputed amount into court. Act of April 3, 1851, P. L. 868, §14, 21 P.S.

684. Instead the defendant accepted payment of the principal amount and it was agreed that the disputed interest would be the subject of this lawsuit. Having accepted the tender of the principal sum by the plaintiff with accrued interest thereon, the defendant is really seeking to extract a penalty measured by unaccrued interest, for it is well established that a tender and acceptance stops the running of interest. 2 Jones, Mortgages, §1148, page 616 (8th Ed. 1928). It is a rule in Pennsylvania that if a mortgagee is to seek a premium or penalty upon prepayment, he must specifically provide for the same in the mortgage instrument. *Chestnut Corporation v. Bankers Bond and Mortgage Company,* 395 Pa. 153, 149 A. 2d 48 (1959). For these reasons the judgment of the lower court is affirmed.