454 A.2d 1117

**Andrea W. MAHONEY, Appellant,**

**v.**

**Felty A. FURCHES and Lula Belle Furches.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1981.

Filed Jan. 7, 1983.

Petition for Allowance of Appeal
Granted April 15, 1983.

130

Sam Ferguson Musser, Lancaster, for appellant.

David E. Wagenseller, Lancaster, for appellees.

Before CAVANAUGH, McEWEN and BECK, JJ.

McEWEN, Judge:

We here review an appeal from the order of the Common Pleas Court of Lancaster County by which the learned Judge Wilson Bucher sustained the preliminary objection of appellee in the nature of a demurrer and decreed that the terms of the mortgage between appellant-mortgagor and appellees-mortgagees preclude the payment in advance of the entire principal balance together with interest. We affirm.

The sole question set forth in the brief of appellant is: When a mortgage provides for annual payments of $19,-000.00 on principal and also provides for an annual interest payment, but specifies no term for the mortgage, may the mortgage debt be paid in full at any time?

■ We observe preliminarily that the provisions of the Act on Maximum Interest Rates [1] are not pertinent to our study for the reason that the prohibition of prepayment penalties refers only to residential mortgage obligations:

1. 41 P.S. § 101 et seq. (Purdon 1982).

§ 405. Prepayment penalty prohibited

Residential mortgage obligations contracted for on or after the effective date of this act may be prepaid without any penalty or other charge for such prepay-payment at any time before the end of the period of the loan.[2]

The pertinent mortgage in the amount of $363,120.80 upon 154.68 acres is not a "residential mortgage" as that term is defined by the Act.[3]

We note that both appellant and appellees invite our attention to certain of the principles pronounced in *Ladner on Conveyancing in Pennsylvania:*

> If the mortgage debt is 'payable within' a stipulated time, ordinarily it may be paid (with interest accrued to the date of payment) at any time within that period desired by the mortgagor, although the mortgagee cannot require such payment until expiration of that time period. But in the case of an installment mortgage (in which the principal debt is payable 'within' a fixed time, but in period installments instead of in one lump sum), whether the unpaid balance of principal may be paid before it is due depends upon the size of the installments. If they do not aggregate the total principal debt by the expiration of the term (e.g., a $2,500 debt to be paid within five years, with $25.00 monthly installments of principal to be paid), the amount of each periodic installment stipulated is the *minimum* which the mortgagor must pay, but is not the maximum which the mortgagee is required to accept. Hence, the mortgagor may pay off the mortgage debt at any time within the term. But if the installments are so calculated as to equal the principal sum, with interest, at the expiration of the term, the installments are both the minimum required to be paid and the maximum required to be accepted; and the mortgagor is not entitled to prepay the balance of principal without the consent of the mortgagee. (footnotes omitted). *Ladner on Conveyancing in Pennsylvania,* Revised, Vol. 2, § 12.09(b), p. 13

2. 41 P.S. § 405 (Purdon 1982).
3. 41 P.S. § 101 (Purdon 1982).

(Clark, Ladner, Fortenbaugh & Young ed. rev. 4th ed. 1979).

Two of the decisions of this court upon this issue were studied by the Supreme Court of Connecticut when that court in *Dungan v. Grzybowksi,* 165 Conn. 173, 332 A.2d 97 (1973), concluded that a mortgagor could not, without a prepayment clause, compel a mortgagee to accept full payment of the balance of the principal, including accumulated interest due, before the due date of the mortgage and explained:

> As one text writer explains the custom of denying prepayment rights, '[t]his freedom of the mortgagee from anticipation is of increasing value as the mortgage becomes more and more an investment instrument, designed to secure a regular flow of income. Current institutional mortgages customarily exact substantial amounts as conditions of accepting prepayment.' 3 Powell, Real Propery p. 656 n. 4. In contrast, a mortgage note designed primarily to give the lender security for the timely repayment of his money at a profitable rate of interest, will more likely contain a prepayment clause without a penalty attached. The object of the clause is generally to encourage repayment, whereas in absence of such a clause, courts tend to construe the mortgage note as intended to secure regular investment income to the mortgage over a definite period of time. Compare, as examples of the first instance, ... *Beth-June, Inc. v. Wil-Avon Merchandise Mart, Inc.,* 211 Pa.Super. 5, 233 A.2d 620, with ... *Hensel v. Cahill,* 179 Pa.Super. 114, 116 A.2d 99, as examples of the latter....

*Dungan v. Grzybowski, supra,* 165 Conn. at 176–177 n. 2, 332 A.2d at 99 n. 2. (citations omitted).

As our distinguished colleague Judge Harry A. Montgomery declared in *Beth-June, Inc. v. Wil-Avon Merchandise Mart, Inc.,* 211 Pa.Super. 5, 9, 233 A.2d 620, 622 (1967), "[w]hen the payment of principal is due, depends upon the wording of the mortgage and of course the intention of the parties thereto. *Hensel v. Cahill,* 179 Pa.Super. 114, 116

A.2d 99 (1955)." This court there studied a mortgage agreement that expressed the amount of the monthly payments, as well as the date upon which the final monthly payment was due, but recited immediately prior to the date of the last monthly payment, "if not sooner paid". The court held that such a phrase had independent significance and reflected that it was the intention of the parties to provide for the prepayment of the principal.

This court in *Hensel v. Cahill, supra,* studied a mortgage calling for the repayment of the sum of $2,000.00 with interest at 5% payable "within fifteen (15) years in monthly installments of $15.82 each." The monthly payments of $15.82, if made according to the terms of the mortgage, would have discharged the obligation, principal and interest at 5%, in precisely fifteen (15) years from the date of the mortgage. The terms of the mortgage contained no provision that allowed prepayment. The mortgagor contended that the mortgagee was obliged to satisfy the mortgage at any time on payment of the balance of unpaid principal with interest to the date of payment. The mortgagee asserted that the mortgage was purchased " * * * on the basis of obtaining an investment that would continue during the period provided in the mortgage, and if the mortgage is now paid off the Estate will be obliged to reinvest the proceeds most likely in Government Bonds and will lose the benefit of the interest rate of the mortgage." *Hensel v. Cahill, supra,* 179 Pa.Superior Ct. at 116, 116 A.2d at 100. This court held:

> In our view [the mortgagor] could not have compelled the satisfaction of the mortgage at any time on payment of the balance of principal with interest to the date of payment. The mortgage was payable 'within fifteen years' but by its terms specified exactly how it was to be paid within that period. The monthly payment of $15.82 was both the minimum required and the allowable maximum which the [mortgagee] was obligated to accept. *Hensel v. Cahill, supra,* 179 Pa.Superior Ct. at 116, 116 A.2d at 100.

■ Appellant contends that the "term" of the obligation is neither expressly nor impliedly specified in the mortgage agreement. We, however, agree with the finding of the hearing court that "the term of the obligation is implicitly expressed in the provision requiring $19,000.00 to be paid *per year* until the principal debt is paid in full." (emphasis supplied).

Appellant proceeds to argue that the mortgage agreement would allow her to pay each specified periodic payment at any time throughout the specified payment period, since the final payment could be made any time between the first and last day of the twentieth year, rendering it impossible to determine when the mortgage term will end. We reject this contention as determinative of her claim that the mortgagor can compel the mortgagee to accept at any time the payment of the full balance of principal with interest only to the date of payment.

Appellant asserts that it was error for the hearing judge to conclude that it was "the parties' intention that the mortgage be paid at the rate of $19,000.00 annually, and that the annual payment of $19,000.00 be both the minimum required and the allowable maximum which the defendants were permitted to collect." Appellant argues that the phrase "payable at the rate of $19,000.00 annually" expresses only an intention of the parties that such a sum was the minimal amount that had to be paid.

■ The thrust of the effort of the hearing court must be to determine the "intention" of the parties to the mortgage agreement. There is here, however, no clear expression of that intent. It is to be noted, however, that the terms of the mortgage agreement provide for: (1) equal principal payments (2) to be made over twenty (20) years, albeit the final payment is of a reduced amount, and (3) an *annual* payment of interest on the unpaid balance. The selection by the parties of the figure of $19,000.00 as the

installment of principal paid each year reflects an intention to provide for payment of such a sum of principal annually through the life of the mortgage, even though the final payment would not be equal to that amount. It merits reiteration that the document under study contains no clear language that would provide for prepayment nor even phrases or terms from which an inference of a prepayment privilege can be argued. Accordingly, we will not disturb the conclusion of the hearing judge that the parties did not intend to provide for prepayment of the obligation and that, therefore, the terms of the mortgage preclude prepayment.

■ While we conclude that the mortgagor cannot compel the satisfaction of the mortgage at any time by the mere payment of the balance of principal with interest to the date of payment, in the absence of any clause that permits such prepayment, it would be neither practical nor equitable and, in fact, would be a violation of public policy as a restraint upon alienation, if we were to preclude the satisfaction of this mortgage once the mortgagor has provided for a method of prepayment that enables the mortgagee to reap all the benefits of the bargain including, of course, insulation of the mortgagee from such adverse tax consequences as may follow the prepayment. Appellant in her Statement of the Case does refer to the rejection by the mortgagee of an offer by the mortgagor to have a bank guarantee payment of the mortgage in return for an agreement by mortgagees to release portions of the mortgaged premises as requested by the mortgagor; appellant has not, however, in the within declaratory judgment action proceeded upon the theory that a mortgagee should be compelled to satisfy the mortgage as soon as the mortgagor, as borrower, has enabled the mortgagee, as lender, to attain all of the benefits of the bargain.

Order affirmed.

CAVANAUGH, J., concurred in the result.