## Poulos v. Commonwealth

*Ronald I. Rosen,* for plaintiff.

*Charles W. Rubendall II,* for defendant Chrysler Motors Company.

*James R. Moyles* and *Mark Garber,* for the commonwealth of Pennsylvania.

NATALE, *J.,* January 27, 1988 — On May 17, 1985, plaintiff George Poulos was a passenger in a car driven on Interstate 80 in Mifflin Township. The 1980 Chrysler LeBaron spun out of control, ran into

an embankment on the side of the road and rolled onto its roof. Mr. Poulos sustained multiple injuries and now suffers from quadriplegia as a result of the accident. This action seeks damages against defendants commonwealth of Pennsylvania, Department of Transportation and Chrysler Motors Corporation for those injuries.[1]

In count V of plaintiffs' amended complaint, Kirk Poulos and Louis Poulos (children of George Poulos), seek to recover damages for the loss of consortium and expenditures for medical care and support of plaintiff/father, George Poulos. Also in count V, Jane Poulos seeks to recover in her own right for past and future expenditures for medical care and support of plaintiff/husband, George Poulos. Defendant Chrysler has filed preliminary objections to count V which are before this court for disposition.

## ISSUES

*I. Defendant Chrysler's demurrer to the parental consortium claims of plaintiff-children, Kirk and Louis Poulos.*

In demurring to the claims of plaintiff-children in count V, defendant argues that damages for loss of consortium between a parent and a child are not recoverable under Pennsylvania law. In addition, they argue that expenditures for medical care and wage losses are properly, if at all, recoverable by plaintiff,

---

1. Liability of defendant PennDOT is premised on its failure to properly design, construct and maintain the roadway, and the land adjacent thereto, upon which the accident occurred. Liability of defendant Chrysler is premised on its failure to design and manufacture the 1980 LeBaron to prevent injury to occupants in rollover accidents and on Chrysler's failure to design and manufacture the car to prevent the loss of control which led to the accident.

George Poulos. In the alternative to a demurrer, Chrysler requests that the allegations contained in count V referring to the above arguments be stricken.

Whether a child may recover for loss of parental consortium from a third-party tortfeasor is a debatable question. The arguments on both sides of the question are compelling and deserve the attention of a careful legislature and judiciary. However, this is not the appropriate time to address the merits of those arguments. The function of this court is to determine the law of parental consortium in Pennsylvania and decide whether plaintiffs have pleaded sufficient facts to state a cause of action from which relief may be granted. See *Allegheny County v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985).

At the present time, a majority of jurisdictions in this country have taken the position that a child has no independent cause of action to recover from a tortfeasor who negligently injures the child's parent for the loss of parental consortium as a result of the injury to the parent. See, Annot. "Child's Action — Loss of Parental Attention," 11 A.L.R. 4th 549 (1982, Supp. 1987). Our Supreme Court has not directly addressed the issue. However, in the recent case of *Steiner v. Bell Telephone Company of Pennsylvania*, 358 Pa. Super. 505, 517 A.2d 1348 (1986), the Superior Court followed the majority of jurisdictions and refused to recognize such a cause of action.

The court is satisfied that *Steiner* represents the law of Pennsylvania with respect to parental consortium. Plaintiff-children have conceded the fact that the *Steiner* decision effectively rejects their claim. However, plaintiffs have stated that a petition for allocatur in *Steiner* is pending before the Supreme Court of Pennsylvania. Because of that status, they

have asked this court to deny defendant Chrysler's preliminary objections without prejudice until all appeals in *Steiner* are exhausted. It is argued that this solution would preserve the plaintiffs' consortium claim without prejudicing Chrysler since it would be free to move for judgment on the pleadings after *Steiner* is resolved. While it is noble for the plaintiff to suggest that their solution would not "[burden] the Superior Court with an issue it has already fully considered," what effect would that solution have on a common pleas court? If the common pleas court of every county decided to deny/grant pre-trial motions without prejudice on every issue in which allocatur is pending in the Pennsylvania Supreme Court, many cases could potentially remain "open" for an unjustified period of time. Therefore, with the law of Pennsylvania denying the type of claims plaintiff-children seek for parental consortium, the court grants the defendant Chrysler's demurrer with prejudice with respect to those claims.

*II. Defendant Chrysler's demurrer to the claim for medical care and future support of George Poulos by plaintiffs Kirk, Louis and Jane Poulos.*

Chrysler has demurred to the claims for medical care and future maintenance and support made by the plaintiff/children and spouse. They argue that the claims made by plaintiff-children and spouse are not recoverable in this commonwealth. In addition, they argue that allowing a recovery for medical care and future support of George Poulos in the claims by plaintiff-children or spouse would permit the possibility of a double recovery because George Poulos still has an existing claim for those same expenses. Plaintiffs contend that under Pennsylvania statute, The Support Law, Act of June 24, 1937, P.L. 2045 §3, 62 P.S. §1973, a spouse and any chil-

dren of an indigent person may be independently liable for the costs to support that individual. The Support Law provides, in part:

"(a) The husband, wife, child . . . father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct."

The court feels compelled to reiterate its function in deciding defendant Chrysler's preliminary objection in the nature of a demurrer. The court is to determine whether the law in Pennsylvania says with certainty that no recovery is possible from the facts averred in plaintiffs' complaint. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983). Where doubt exists as to whether demurrer should be sustained, doubt should be resolved in favor of overruling demurrer. Id. at 462.

The arguments presented by Chrysler are insufficient to erase all doubts raised by plaintiffs' complaint. Due to the extent of George Poulos' injuries, his children and his spouse may very well be independently liable under The Support Law, giving them a cause of action against the defendants.

In light of the standards for granting demurrer in this commonwealth, the court denies the defendant's demurrer as to the claims of plaintiff-children and spouse for medical care and future support of George Poulos.

*III. Defendant Chrysler's motion to strike paragraph 39 as duplicating the plaintiff-husband claims of the complaint.*

Under rule 1017, a party to an action may file a motion to strike off a pleading because of lack of

conformity to law or rule of court or because of scandalous or impertinent matter, Pa.R.C.P. 1017(b)(2). The only basis upon which defendant has relied on in its motion to strike is that paragraph 39 "lacks conformity to law" because it duplicates claims made by George Poulos. In disposing of defendant's demurrer to claims of future support and maintenance of George Poulos, the court has explained that these claims are not necessarily duplicative. Those words are equally applicable to defendant's motion to strike. Consequently, the motion to strike is also denied.

Accordingly, the court enters the following

## ORDER

And now, this January 27, 1988, defendant Chrysler Motors Corporation's demurrer to the parental consortium claims of plaintiff-children, Kirk and Louis Poulos, is granted with prejudice. The remainder of defendant Chrysler Motors Corporation's preliminary objections are hereby denied.