**Lawrence v. Kunkle**

*Aaron J. Freiwald,* for plaintiff.

*Craig A. Stone,* for defendant Kunkle.

*Karen E. Minehan,* for defendant Lancaster Regional Medical Center.

*James W. Saxton,* for defendant Midstate Orthopedics.

CULLEN, *J.,* September 28, 2005—The preliminary objections filed by Herbert L. Kunkle Jr., M.D. challenge the sufficiency of plaintiff's claim for punitive damages in Count II of the complaint. For the reasons stated below, the preliminary objections will be overruled.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 5, 2005, plaintiff, Robert Lawrence, filed a complaint against Herbert L. Kunkle Jr., M.D., Midstate Orthopedics and Lancaster Regional Medical Center seeking damages for what he alleges was improper medical treatment.

According to the complaint, on July 4, 2004, plaintiff was cleaning a window at his home when the glass broke

causing a laceration of his right hand. (Complaint, ¶9.) Bleeding severely, plaintiff went to the emergency room at Lancaster Regional Medical Center where he was told by an emergency room physician that he likely had tendon or vascular injuries that would require treatment by a hand specialist. (*Id.* at ¶¶10-12.) Plaintiff was further informed that he would be prepared for immediate surgery. (*Id.* at ¶13.)

Defendant was contacted to examine plaintiff and observed an eight to 10-centimeter laceration of the volar radial aspect of plaintiff's right wrist, exposed tendons and some patch loss of sensation in the first web space of the dorsum. (*Id.* at ¶¶14-16.)

At the time plaintiff was seen by defendant, plaintiff did not have medical insurance, and defendant was aware of this from his discussion with the emergency room physician. (*Id.* at ¶¶17-18.) Defendant told plaintiff that plaintiff would have to wait for surgery until he obtained medical insurance. (*Id.* at ¶19.) Plaintiff's injury was sutured and wrapped in a dressing, and he was discharged. (*Id.* at ¶20.) Plaintiff was seen by defendant again on July 14, 2004, at which time plaintiff was placed in a wrist brace and referred to another physician. (*Id.* at ¶¶21-23.)

Plaintiff alleges that he suffered nerve damage, muscle wasting and various other personal injuries due to defendant's failure to provide proper treatment and to perform surgery in a timely manner. (*Id.* at ¶¶ 24-25, 27, 30.)

In Count II, plaintiff incorporates his prior allegations and asserts that defendant knew that delaying surgery

due to plaintiff's lack of medical insurance would increase the probability that plaintiff would be left with permanent neurologic and functional deficits, and that plaintiff's premature discharge from the hospital would subject him to unreasonable and avoidable risk of future injury. (*Id.* at ¶¶36-37.) Plaintiff contends that such conduct on defendant's part was conscious, deliberate, reckless and outrageous. (*Id.* at ¶35.)

On June 13, 2005, defendant, Herbert L. Kunkle Jr., M.D., filed preliminary objections to Count II of the complaint captioned "Recklessness" on the ground that the allegations of the complaint are insufficient to support the claim for punitive damages set out in that count. Plaintiff filed a response to the preliminary objections on June 30, 2005.

The parties filed briefs in support of their respective positions, and the matter was thereafter referred to the court for resolution.

## DISCUSSION

Defendant's sole objection is that the allegations of the complaint are insufficient to establish a claim for punitive damages.

The law to be applied in ruling on preliminary objections challenging the legal sufficiency of a complaint is clear.

A court should sustain preliminary objections in the nature of a demurrer only where:

"the complaint is insufficient to establish the pleader's right to relief. . . . For the purpose of testing the legal

sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, . . . and every inference fairly deducible from those facts. . . . The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer.

"Since sustaining the demurrer results in a denial of the pleader's claim or dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted. . . . If the facts as pleaded state a claim for which relief may be granted under any theory of law then there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected." *Willet v. Pennsylvania Medical Catastrophe Loss Fund,* 549 Pa. 613, 619, 702 A.2d 850, 853 (1997) (quoting *County of Allegheny v. Commonwealth of Pennsylvania,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985)).

When doubt exists as to "whether a demurrer should be sustained, [the] doubt should be resolved in favor of overruling it." *Mahoney v. Furches,* 503 Pa. 60, 66, 468 A.2d 458, 462 (1983). (citation omitted)

With respect to the issue of punitive damages, the Supreme Court has recently summarized the law as follows:

"Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. . . . As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's ac-

tions are so outrageous as to demonstrate willful, wanton or reckless conduct. . . . The purpose of punitive damages is to punish a tort-feasor for outrageous conduct and to deter him or others like him from similar conduct. . . . Additionally, this court has stressed that, when assessing the propriety of the imposition of punitive damages, [t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 121-22, 870 A.2d 766, 770 (2005). (citations omitted)

"[A] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, . . . in conscious disregard of that risk." *Id.* at 124, 870 A.2d at 772.

Accepting as true the allegations of the complaint, as it must in ruling on the preliminary objections, the court concludes that plaintiff has adequately set forth a claim for punitive damages.

The complaint alleges that when defendant examined plaintiff in the emergency room, he told plaintiff that he would have to wait to have surgery until he obtained medical insurance. Defendant failed to provide appropriate and necessary treatment because of plaintiff's lack of insurance even though defendant knew that delaying surgery would create the probability that plaintiff would suffer permanent neurologic and functional deficits and that the delay would subject plaintiff to unreasonable and avoidable risk of future injury.

If proven at trial, these facts could establish conscious, deliberate and outrageous conduct on defendant's part and a reckless indifference to his patient's rights and welfare which could support an award of punitive damages. Accordingly, defendant's preliminary objections will be overruled.

## ORDER

And now, September 28, 2005, upon consideration of the preliminary objections of defendant, Herbert L. Kunkle Jr., M.D., and the arguments of counsel, it is ordered that the preliminary objections are overruled.

Defendant is granted 20 days from the date of this order to answer the complaint.