## Chestnut Corporation *v.* Bankers Bond and Mortgage Company, Appellant.

Argued January 9, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and MCBRIDE, JJ.

*Samuel D. Goodis,* with him, *Allen J. Levin,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellant.

*Melvin Alan Bank,* with him *Maurice A. Bank,* and *Bank & Minehart,* for appellee.

OPINION BY MR. JUSTICE BELL, March 20, 1959:

This appeal involves the question of whether defendant mortgagee is entitled to a premium, when the mortgage is paid off in the premium period as the result of a fire.

Margaret Chapman was the owner of property known as premises 801-09 Chestnut Street, Philadelphia. On April 9, 1954, Margaret Chapman gave her bond and accompanying mortgage in the just principal sum of $300,000* payable in (approximately) 19 years in monthly instalments of $2,000.

---

*The principal amount was reduced by payments to $274,-383.42.

On September 28, 1955 plaintiff corporation purchased the premises from Margaret Chapman subject to the above mentioned mortgage. The building on the premises was insured against loss by fire in the amount of $450,000, with proceeds payable in the event of loss to the parties as their interests may appear. The policies contained the usual mortgagee clauses. On December 26, 1956 the building was completely destroyed by fire. On February 26, 1957 the proceeds of the fire insurance policies were distributed by defendant, acting as agent for all the parties, among the plaintiff, defendant and other junior lien holders not material to this action. Defendant received in payment of its interest, not only the entire unpaid principal of the mortgage together with accrued interest, but also the sum of $5,491.31. This latter sum represented a 2% consideration for prepayment of the principal mortgage debt prior to maturity. The parties expressly agreed that the payment of this sum was without prejudice to plaintiff's right to claim that it was not payable to defendant. Plaintiff then filed this suit in assumpsit for the above sum, and the trial Judge, sitting without a jury, found a verdict for plaintiff in the amount of $5,491.31 and judgment was entered thereon.

Both the mortgage and the bond provided ". . . with further privilege to Obligor to pay balance of principal in full before maturity in accordance with terms set forth in Rider attached to Bond and Warrant, . . ."

The Rider provided "The Obligor shall have the right to prepay the entire principal debt at any monthly installment upon 30 days prior written notice, during the third, fourth and fifth years of the term of this obligation provided, there shall also be paid accrued interest to date of payment and in addition a sum equal to 2% of the amount of principal so paid."

The question posed is a difficult one. A prepayment clause is ordinarily inserted to compensate a

mortgagee for the cost and expenses attendant in making a new long term mortgage loan. The obligor-mortgagor was clearly given the right or privilege *at its election* to pay the balance of principal in full before maturity. Plaintiff (who is the owner and who stands in the shoes of the obligor-mortgagor) correctly contends (a) that the prepayment was not voluntary on its part, and (b) that no prepayment was made *by it,* and (c) that no 30 days prior written notice of an intention to prepay the unpaid principal debt was ever given as required by the bond. The mortgagee was paid the entire unpaid principal balance of the mortgage plus accrued interest not because of any desire on the part of the plaintiff to prepay the debt, nor in compliance with the exact terms of the Rider, but solely because of the fire and the provisions with respect thereto in the fire insurance policies. Nevertheless, at least in theory, defendant would be put to some cost and expense to make a new mortgage loan. On the other hand, plaintiff, while it has received the full net amount of the fire insurance, has lost its building, and if it desired to rebuild it would have to obtain a new mortgage loan,* and in the meantime it would be without a building and would lose whatever contracts and/or leases it had made. In such a situation both parties suffer, but the owner suffers most.

Neither the bond nor the mortgage specifically or expressly provides for the exact situation which has arisen, namely, a prepayment of the entire principal loan with interest during the premium period, due not to a voluntary election of prepayment but to a fire. If

---

* While evidence was presented by defendant that plaintiff was unwilling to agree to rebuild its building, the trial Judge made no finding of fact on this point, nor did he decide whether plaintiff would have had a right to a continuance of the mortgage loan if it did rebuild its building.

defendant (the obligee-mortgagee) believed it should be entitled to the premium under these circumstances it could easily and should have so provided in the bond and/or mortgage. In the absence of such a provision we believe that defendant who received the entire unpaid principal and accrued interest of its mortgage is not entitled to the prepayment premium.

Judgment affirmed.

Mr. Chief Justice JONES and Mr. Justice COHEN dissent.