THE VILLAGE OF ROSEMONT, Plaintiff, v. MAYWOOD-PROVISO STATE BANK, as Trustee, *et al.*, Defendants-Appellees (Lyons Savings and Loan Association, Defendant-Appellant).

First District (1st Division)   No. 86—0711

Opinion filed December 1, 1986.

Guerard & Drenk, Ltd., of Wheaton (Douglas Drenk, David Drenk, and James P. Mullally, of counsel), for appellant.

Ely Hefter, of River Grove, and John F. O'Meara, of Chicago, for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

This appeal arises from a condemnation action filed by plaintiff, the village of Rosemont (the village), which named Maywood-Proviso State Bank (Maywood), trustee of land trust No. 6121, and Karl M. and Edith Guenther, beneficiaries of the land trust, as mortgagors of the condemned property and Lyons Savings & Loan Association (Lyons) as mortgagee. Lyons appeals from an order of the circuit court which distributed the condemnation proceeds, claiming that the trial court's order acted to deny Lyons its prepayment interest premium and release fee to which it was entitled under the terms of the note and mortgage secured by the condemned property. The issue presented for review is whether performance of the prepayment penalty clause is excused where land is taken pursuant to condemnation proceedings.

On September 12, 1983, Maywood executed a mortgage on improved property located at 10010 Devon Avenue in Rosemont (the

property), in favor of Lyons, to secure payment of a loan in the amount of $315,000. In the event the property was transferred prior to the date the note was retired, the mortgage provided:

"If, during the term of the note, [Maywood] shall (whether voluntarily or by operation of law) sell, convey, assign, mortgage, hypothecate or otherwise transfer or encumber the mortgaged premises or any part thereof *** [Maywood] at its option, shall have the right to either (a) prepay the principal balance plus all accrued interest, prepayment premium and other amounts remaining unpaid under the note, or (b) provide substitute security in accordance with the provisions of paragraph 25 herein.

\*\*\*

If prepayment is elected by [Maywood], it shall be delivered to [Lyons] within (5) business days after the sale, conveyance, assignment, lease, mortgage, hypothecation or other transfer or encumbrance together with accrued interest thereon and prepayment premiums calculated in accordance with the prepayment provisions of the note."

The note, which was simultaneously executed with the mortgage, provided:

"[T]he principal amount due hereunder may be prepaid either prior to or subsequent to the completion date. The principal amount of any accrued interest may, upon written notice to *** [Lyons], hereof delivered at least 30 days prior to the date set forth below, be prepaid in its entirety only as follows:

(a) from November 1, 1983 up to and including the date October 1, 1986, [Maywood] if notice as set forth above is given *** [may] prepay the entire principal balance. It is expressly understood that *** [Maywood] will, if it prepays during this time period, pay in addition to the entire principal amount and accrued interest, as consideration to the payee for this right to prepay an amount equal to a three-month interest premium. \*\*\*"

On September 27, 1985, the village of Rosemont, pursuant to its home rule powers (see Ill. Const. 1970, art. 7, sec. 6), initiated condemnation proceedings to obtain the property. On January 2, 1986, the trial court entered an agreed order between the village and Maywood awarding $470,000 as just compensation for the property. Thereafter, on January 16, 1986, Maywood and the Guenthers filed a petition to withdraw the funds, which provided in part:

"That Lyons Savings and Loan Association of Hinsdale, Illi-

nois, is the holder of a first mortgage indebtedness to secure a note in the original amount of $315,000, that *** there is presently an unpaid balance due to [Lyons] of *** $310,090.92.

That in addition to the unpaid balance due to [Lyons] of $310,090.92 [Lyons] is demanding a three-month interest prepayment penalty of $10,564.13 despite the fact that there is no express provision in the note, mortgage or loan and security agreement for an interest prepayment penalty upon condemnation in eminent domain proceedings: that *** [Maywood] believes [the penalty is] entirely unwarranted, unconscionable and totally unearned ***."

Thereafter, the court directed the county treasurer to disperse the unpaid mortgage balance of $310,090.92 plus accrued interest to Lyons, to retain $15,000 to provide for contingencies, and to distribute the remainder of the condemnation proceeds to the Guenthers.

On February 20, 1986, the court addressed the parties' contentions regarding the propriety of the prepayment penalty. The court held that the prepayment penalty clause was inapplicable in the event of condemnation and directed the county treasurer to disperse the remaining condemnation proceeds to the Guenthers. On appeal Lyons contends that the trial court erred in denying its request for a three-month interest prepayment penalty because the terms of the note and mortgage unambiguously provide for such payment upon condemnation.

The parties have not cited nor has our research disclosed any Illinois cases addressing the issue whether a prepayment penalty clause set forth in mortgage-loan documents is enforceable in the event of a transfer due to condemnation. However, several outside jurisdictions which have considered the issue have held that the mortgagor is relieved of a contractual duty to render a prepayment penalty to a mortgagee when the terms of the parties' agreement do not explicitly provide that such payment shall be made in the event the mortgagor is forced to sell its property. *Landohio Corp. v. Northwestern Mutual Life Mortgage & Realty Investors* (N.D. Ohio 1976), 431 F. Supp. 475; *Associated Schools, Inc. v. Dade County* (Fla. App. 1968), 209 So. 2d 489; *Jala Corp. v. Berkley Savings & Loan Association* (1969), 104 N.J. Super. 394, 250 A.2d 150; *Silverman v. State of New York* (1975), 48 A.D. 2d 413, 370 N.Y.S.2d 234; see also *In re Brooklyn Bridge Southwest Urban Renewal Project* (1965), 46 Misc. 2d 558, 260 N.Y.S.2d 229.

■ In construing specific provisions of a mortgage agreement and promissory note, the court's primary objective is to give effect to

the intent of the parties. (*Wheeling Trust & Savings Bank v. Citizens National Bank* (1986), 142 Ill. App. 3d 333, 491 N.E.2d 866.) It is well settled that, "in the absence of evidence of a contrary intention, where two or more instruments are executed by the same contracting parties in the course of the same transaction, the instruments will be considered together and construed with reference to one another." (*Tepfer v. Deerfield Savings & Loan Association* (1983), 118 Ill. App. 3d 77, 80, 454 N.E.2d 676.) Thus, provisions of one contract which limit, expand, or explain the other will be given effect.

■ In the instant case, the mortgage agreement expressly provides that if a transfer of the property occurs "voluntarily or by operation of law," Maywood will have the option either to prepay the principal balance plus all accrued interest and a prepayment premium or to provide substitute security. With respect to the prepayment premium, the note expressly provides that a prepayment penalty, in the amount of three months' interest on the outstanding principal balance, will be made to Lyons if Maywood elects to prepay the entire principal balance prior to October 1, 1986. Maywood contends that because they did not voluntarily elect to prepay the principal balance, the prepayment provision is inapplicable. Conversely, Lyons argues that condemnation constitutes a transfer by operation of law, and the note and mortgage, read together, expressly provide for a prepayment penalty upon condemnation. In our view, the parties' respective contentions raise an ambiguity in the mortgage-loan documents.

The language of the prepayment provisions contained within the mortgage-loan documents is ambiguous because it is reasonably susceptible to more than one meaning. (See *White v. White* (1978), 62 Ill. App. 3d 375, 378 N.E.2d 1255.) Although condemnation constitutes a transfer by operation of law (*Department of Transportation v. New Century Engineering & Development Corp.* (1983), 97 Ill. 2d 343, 454 N.E.2d 635; *Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 399 N.E.2d 1295), and the mortgage agreement provides for a prepayment penalty upon transfer by operation of law, the clause providing for such payment is prefaced by the operative words, "if during the term of the note the mortgagor shall [transfer]." Construing the mortgage provision as a whole, we conclude that the use of the phrase "mortgagor shall [transfer]" and "[transfer] by operation of law" within the same sentence of a prepayment provision is ambiguous. Our conclusion is further supported by the prepayment provision of the note, which evinces an intent to enforce the penalty only if Maywood chooses to prepay.

■ We acknowledge that a prepayment premium serves to pro-

tect the mortgagee in a period of declining interest rates from the loss of anticipated profits associated with interest income. However, where a loan is secured by a mortgage on property which is taken by condemnation, the mortgagor is not exercising his right to prepay, but rather he is involuntarily forced to prepay the principal balance of the loan. Accordingly, we conclude that in the event of condemnation, performance of a prepayment penalty clause will be excused unless there is clear language which expressly delineates payment of a premium upon condemnation.

Lyons maintains that even if there is an ambiguity in the mortgage documents, Maywood had the option to prepay the loan or to provide substitute security. Therefore, Lyons argues that Maywood's decision to prepay rather than to continue monthly installments under the note entitles Lyons to the prepayment penalty. We disagree. Condemnation proceedings contemplate that "[t]he amount of just compensation shall be distributed among all persons having an interest in the property." (Ill. Rev. Stat. 1985, ch. 110, par. 7—127.) As holder of the first mortgage on the property, Lyons was properly awarded a portion of the condemnation proceeds.

■ Lyon's final contention is that the entry of an agreed order between the village and Maywood which assessed "just compensation" deprived it of an opportunity to protect its right to prepayment interest. We disagree. The determination of just compensation is premised upon the fair market value of the property. (*Department of Public Works & Buildings v. Oberleander* (1968), 92 Ill. App. 2d 174, 235 N.E.2d 3.) This determination is separate and distinct from the parties' agreements which may affect the apportionment of the condemnation award.

For the reasons set forth, we affirm the judgment of the circuit of Cook County.

Affirmed.

QUINLAN, P.J., and O'CONNOR, J., concur.