WIDE SCOPE, INC. *v.* FREEDOM FEDERAL SAVINGS & LOAN ASSOCIATION ET AL.

(No. M8701-CVE-00941—Decided August 31, 1987.)

Franklin County Municipal Court.

*Jones & Troyan* and *John R. Perkins, Jr.,* for plaintiff.

*Krumm, Schwenker, Fisher & Skrobot* and *John D. Schwenker,* for defendant Freedom Federal Savings & Loan Assn.

*Casimir T. Adulewicz,* for defendant Ohio Valley Savings & Loan.

MARTIN, J. This is an action to recover $6,170.32, the amount of a prepayment penalty paid by the plaintiff.

Plaintiff, Wide Scope, Inc., executed a note and mortgage on an apartment complex. The note provided that the lender had the option to declare it due and payable in full if the real estate described in the mortgage were sold. It also provided for the payment of an additional amount if the note were prepaid.

Plaintiff was liquidated and dissolved. As part of dissolution plaintiff transferred the real estate. The lender refused to allow assumption of the note and mortgage by the transferee. Plaintiff obtained a new loan and paid the note in full. The lender enforced the prepayment provision of the note.

Plaintiff has cited three cases from other states which hold that a lender may not enforce both a due-on-sale provision and a prepayment-penalty provision. In those cases the lender enforced the due-on-sale provision by instituting a foreclosure action.

In the instant case plaintiff was told the lender would not permit an assumption of the note and mortgage. Plaintiff avoided a foreclosure action by obtaining a new loan and paying the note in full. No purpose would be served by requiring the institution of a foreclosure action. If a lender requires payment in full, it may not also enforce a prepayment penalty.

Plaintiff's motion for summary judgment is sustained.

*Motion sustained.*