[No. H014224. Sixth Dist. May 17, 1996.]

DAVID BIANCALANA, Plaintiff and Appellant, v.
ROBERT J. FLEMING et al., Defendants and Respondents.

## COUNSEL

Comstock, Thompson, Kontz & Brenner, Austin B. Comstock and Jeffrey R. Kirk for Plaintiff and Appellant.

Wyckoff, Richardson, Sanson, Allen, Locke-Paddon, Weldon & Johnson, Robert K. Johnson and Bruce A. Richardson for Defendants and Respondents.

## OPINION

**PREMO, Acting P. J.**—Plaintiff David Biancalana sued defendants Robert J. Fleming, Catherine A. Fleming, and Wee Four Inc., for declaratory relief regarding the enforceability of a prepayment penalty clause in a promissory note. The trial court held that the clause was enforceable, and plaintiff appeals from the judgment. We agree with the trial court's interpretation of the clause and affirm.[1]

---

[1]The parties also litigated defendants' right to foreclose the deed of trust securing the promissory note and the related issues (1) whether plaintiff made a sufficient tender to extinguish the lien, and (2) what was the amount of prepayment penalty due. After trial but before judgment, plaintiff reinstated the loan by curing his default. Thus, as observed by the trial court in its judgment, all issues except the declaratory relief issue became moot. Plaintiff

## BACKGROUND

Defendants owned commercial real property. Plaintiff was one of their tenants. In 1985, defendants' real estate broker negotiated a cash sale of the property for $1.2 million. The broker told plaintiff that the new owner would likely take plaintiff's premises for his own. This fact apparently motivated plaintiff to buy the building on tax-deferred installment terms arranged by the broker. The terms were designed to accommodate plaintiff's dearth of money and defendants' desire for retirement income at a level akin to one the cash sale would have provided after taxes. The purchase price was $950,000, payable with $50,000 down and a 20-year promissory note (amortized over 30 years) at 14 percent interest ($10,644 monthly) secured by a deed of trust against the property. The note provided as follows: "If more than 15% above the yearly total principal payments are made during any one calendar year, the payor agrees to pay the additional income tax created by all excessive monies so paid."

Plaintiff purchased the property on the above terms. He failed to pay 1992-1993 and 1993-1994 real property taxes and the May 1994 monthly payment of principal and interest. After demand, plaintiff asserted that he intended to pay the loan in full. Defendants agreed on condition that plaintiff pay the prepayment penalty. Plaintiff refused and also declined to cure his defaults. Defendants commenced foreclosure proceedings. In the face of an impending foreclosure sale, plaintiff tendered defendants the full amount due on the loan excluding the prepayment penalty demanded by defendants. Defendants rejected the tender, and plaintiff filed this action and obtained a preliminary injunction against the sale.

## DISCUSSION

■ Plaintiff contends that the prepayment penalty clause is ambiguous and should be construed against defendants because they drafted the clause.[2]

Plaintiff first relies upon the words in the clause, "additional income tax," and the expert testimony at trial to the effect that defendants' taxable gain

nevertheless argues that, under his version of the facts, no prepayment penalty should be due. His tender without any prepayment penalty, so the argument goes, was therefore sufficient. To this end, plaintiff urges us to instruct the trial court to calculate the prepayment penalty according to his accounting and, presumably, render a judgment extinguishing the lien. Stated another way, plaintiff asks us to reverse a judgment on an issue never decided because of mootness. Since plaintiff cites no authority for such a proposition we pass this matter without further consideration. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 479, p. 469.)

[2]Plaintiff misleads this court. He relies upon Civil Code section 1654 which states: "In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist." His opening brief cites and quotes Civil Code section 1654, but the quote contains ellipsis points instead of the qualifying words, "not removed by the preceding rules." The cite therefore appears to

was fixed at the time of the sale to plaintiff. Thus, so the argument goes, a prepayment would not cause additional income tax though it might cause the tax to be paid sooner rather than later.

There is no merit to such an argument. "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." (Civ. Code, § 1644.) The ordinary and popular meaning of "additional" income tax in the context of a tax-deferred installment sale is precisely the tax amount that is paid sooner rather than later. The concept is well known. (See, e.g., *Williams* v. *Fassler* (1980) 110 Cal.App.3d 7, 12-13 [167 Cal.Rptr. 545] ["The instant case involves a private lender who faces substantial income tax consequences resulting from prepayment. A private lender certainly has a justifiable right in protecting himself against these extremely high tax consequences. . . . [¶] . . . We do hold that in a transaction between private parties, an agreement specifying a 50 percent prepayment penalty is valid if the penalty is reasonably related to the obligee's anticipated risk of incurring increased tax liability upon the occurrence of the prepayment."].)

Plaintiff next relies upon the allowance in the clause that up to 15 percent of principal may be paid annually without penalty. Since the loan could have been paid in full without penalty after seven years (15 percent per year), so the argument goes, it could be paid in full without penalty after nine years as plaintiff tried to do.

Plaintiff ignores the language of the clause. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (Civ. Code, § 1638.) The clause imposes a penalty "If more than 15% above the yearly total principal payments are made *during any one calendar year*." (Italics added.)

■ Plaintiff finally poses that the clause invites mischief because an obligee with knowledge of an impending prepayment could manipulate his tax affairs to the detriment of the obligor. This factor, however, does not make the clause ambiguous. It simply acknowledges that the parties to such a clause could ultimately disagree on the amount of penalty due.

Plaintiff secondarily contends that the clause is unenforceable when, as occurred here, the debt is accelerated by the obligee because of a default

be an ordinary rule of construction rather than a rule of last resort. Misquotation "is inexcusable upon the part of any lawyer, and places additional burdens upon this court." (*Weinfeld* v. *Weinfeld* (1958) 159 Cal.App.2d 608, 612 [324 P.2d 342].)

instead of voluntarily prepaid by the obligor. He relies upon *Tan* v. *California Fed. Sav. & Loan Assn.* (1983) 140 Cal.App.3d 800, 810-811 [189 Cal.Rptr. 775], for this proposition. His reliance is misplaced.

In *Tan*, the obligor sold the secured property and the lender accelerated the debt pursuant to a "due on sale" clause. We analyzed the case in *Pacific Trust Co. TTEE* v. *Fidelity Fed. Sav. & Loan Assn.* (1986) 184 Cal.App.3d 817 [229 Cal.Rptr. 269], and concluded that the terms of the *Tan* prepayment penalty applied only when the obligor voluntarily exercised the prepayment option: "the terms of the note . . . spoke merely of the borrower reserving the privilege of prepayment." (*Id.* at p. 824; see *Tan* v. *California Fed. Sav. & Loan Assn.*, *supra*, 140 Cal.App.3d at p. 809 ["The language of the 'prepayment privilege' provision rather clearly makes a prepayment penalty payable only upon the debtor's exercise of the reserved privilege to prepay."].)

We decided *Pacific Trust Co. TTEE* similarly. There, a junior lienholder elected to prepay the senior debt following the obligor's default, paid the prepayment penalty reserving the right to challenge the penalty, and sued for reimbursement. In holding that the junior lienholder was liable for the penalty we focused upon the terms of the note in question: "[T]he instant clause is intended to apply in the event the lender elects to accelerate and describes such a situation as an involuntary prepayment. Unlike *Tan*, there is no ambiguity which may be resolved against the lender who presumably drafted the note. [¶] The parties to the note at issue unquestionably intended that the lender could impose a prepayment charge after accelerating the obligation upon the buyer's default. Thus, we find the clause applicable to the facts of the instant case." (*Pacific Trust Co. TTEE* v. *Fidelity Fed. Sav. & Loan Assn.*, *supra*, 184 Cal.App.3d at p. 824.)

Here, unlike the clause in *Tan*, the prepayment penalty clause itself is not limited to the obligor's prepayment privilege. Moreover, like the note in *Pacific Trust Co. TTEE*, the note in this case indicates that the prepayment penalty is intended to apply when the lender accelerates. The note generally states: "Should default be made by Maker in payment of any installments of principal, interest, *or any other sums due hereunder*, the whole sum of principal, interest and *all other sums due from Maker hereunder* [illegible] therefrom all sums then due under the terms of the Underlying Note(s), shall become immediately due at the option of the holder of this Note." (Italics added.) The emphasized words, being all-encompassing, necessarily include a prepayment penalty.

We add that any question whether the all-encompassing words cover the prepayment penalty is resolved in favor of inclusion. This follows because

an obligor could render the prepayment penalty clause meaningless by simply intentionally defaulting to provoke an acceleration and then tendering the amount due less a prepayment penalty. (Civ. Code, § 1643 ["A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties."].)

## DISPOSITION

The judgment is affirmed.

Elia, J., and Wunderlich, J., concurred.