938 So.2d 562 (2006)
MARK FEINSTEIN, Appellant,
v.
NEW BETHEL MISSIONARY BAPTIST, etc., et al., Appellees.
Case No. 3D05-1418.
District Court of Appeal of Florida, Third District.
Opinion filed September 1, 2006.
Dubow, Dubow & Wallace and Kelly A. Gibson and Jason B. Dubow (Dania Beach), for appellant.
Glenn R. Miller, for appellees.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
SHEPHERD, J.
Mark Feinstein appeals a final judgment of foreclosure in which he was denied a pre-payment fee on the accelerated debt being foreclosed. Because the promissory note expressly contemplated the imposition of a pre-payment fee upon acceleration, we conclude the trial court erred in not including the fee in the final judgment. Accordingly, we reverse the final judgment under review.
In 2002, New Bethel Missionary Baptist Church executed a promissory note and mortgage to General Mortgage Associates, Inc. in the sum of $308,200. Feinstein is the successor to General Mortgage's interest in the note and mortgage. On September 1, 2004, New Bethel defaulted on its monthly payments. The pertinent portion of the "Default; Acceleration" provision of the promissory note reads:
This note is secured by the Mortgage and other Security Documents. If any payment required to be made by the terms of this note . . . is not paid on or before the due date therefor . . ., the whole of the unpaid principal hereof, together with accrued interest and outstanding default interest, and in addition, any prepayment fee shall . . . become due and payable.
. . .
Acceleration of the debt as set forth in this paragraph constitutes an involuntary prepayment for which the prepayment fee provided for elsewhere herein shall be due and payable. This clause specifically was bargained for as consideration for the extension of credit based upon the interest rate granted by lender.
(emphasis added).
The promissory note prohibited partial pre-payments, but permitted pre-payment in full under a declining rate schedule during the first four years. If New Bethel had sought to pre-pay in September 2004, the required pre-payment fee was four percent of the original principal balance, or $12,328. Of course, New Bethel did not seek to pre-pay, but rather defaulted on the mortgage.
We find that an express provision of a promissory note that calls for a pre-payment fee in the event of acceleration is enforceable in this state. We are unable to locate a Florida case that expressly so holds, but both the Florida Supreme Court and this court have indicated that such would be its holding if presented with our facts. Florida Nat'l Bank v. Bankatlantic, 589 So. 2d 255, 258 (Fla. 1991)("We endorse the general rule that unless otherwise specifically provided for in the note, the lender cannot upon the lender's acceleration also collect the prepayment penalty.")(emphasis added); Gen. Mortgage Assoc. v. Campolo Realty & Mortgage Corp., 678 So. 2d 431, 431 (Fla. 3d DCA 1996)(holding that pre-payment clause at issue in note and mortgage "does not `specifically' provide for recovery of the penalty after and in addition to the `lender's acceleration'"); see also Begonia Corp. v. NAM Fin. Corp., 710 So. 2d 577 (Fla. 4th DCA 1998)(applying the general rule enunciated in Florida Nat'l).
As the Superior Court of New Jersey, Appellate Division stated when squarely faced with the issue of enforceability of a provision that specifically calls for a pre-payment penalty upon acceleration:
While there is a certain ineluctable logic to the statement that payment after acceleration cannot be considered prepayment, we can perceive no reason why the debtor should be relieved of the terms of the contract freely entered into. The terms were clear and unambiguous, the parties clearly experienced and sophisticated in loan transactions of this type. The certainty of the remedy provided by the clause undoubtedly affected the pricing of the loan. If we were to deem the clause unenforceable, we would be providing defendants with a better contract than they were able to negotiate for themselves; we decline to do so.
Westmark Commercial Mortgage Fund IV v. Teenform Assoc., L.P., 827 A.2d 1154, 1161 (N.J. Super. Ct. App. Div. 2003)(internal citations omitted).
In reaching this conclusion, we have not overlooked the fact that Feinstein satisfied the judgment on appeal. The satisfaction was executed by Feinstein's counsel and recorded between the date of the final judgment and the date scheduled for the foreclosure sale. Apparently, New Bethel consummated an eleventh hour refinancing to save the property. Feinstein accordingly was required by law to satisfy the judgment. See § 701.04(1), Fla. Stat. (2004)(requiring that a person receiving full payment of the judgment lien of a mortgage must satisfy the judgment of record within sixty days of receipt of payment). In fact, under the law in effect at the time, a person who failed to satisfy of record the judgment lien of a mortgage within thirty days after receiving payment and a written demand was guilty of a second degree misdemeanor. See § 701.05, Fla. Stat. (2004)(repealed 2005).
It is the general rule in this state that if a defendant who has suffered the entry of an adverse money judgment against him voluntarily pays the judgment, the case is moot; but, if the payment is involuntary, it does not result in a waiver of the right to appeal. Ronette Commc'n Corp. v. Lopez, 475 So. 2d 1360 (Fla. 5th DCA 1985); see also Whipple v. JSZ Fin. Co., 717 So. 2d 608 (Fla. 4th DCA 1998)(execution upon a Texas judgment registered in Florida did not moot debtor's challenge to the judgment on ground of lack of personal jurisdiction). Of course, this case involves a plaintiff who has satisfied a judgment. The general rule may not apply to a plaintiff who satisfies a judgment. See Florida Nat'l, 589 So. 2d at 257 (addressing the merits where "Bankatlantic agreed to satisfy the mortgage in exchange for payment of all outstanding principal, default interest, advances, attorneys fees and costs after obtaining Gordon's agreement to escrow an amount equal to the prepayment penalty and anticipated attorney's fees"). However, we need not reach that issue because it is clear Feinstein was required by law to satisfy the judgment, placing this case in the "involuntary" category.
For these reasons, we reverse the final judgment of foreclosure entered below with directions that it be amended and reinstated to include the prepayment fee.
Reversed with directions.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DISPOSED OF.