## EASTERN SAVINGS BANK, FSB *v.* ROBERT J. MUNSON ET AL.

Superior Court, Judicial District of Hartford

File No. CV-07-5008806

Memorandum filed May 10, 2007

*Law Offices of Robert M. Meyers, LLC*, for the plaintiff.

*Rothenberg & Cianciola, LLC*, for the named defendant.

HON. ROBERT SATTER, JUDGE TRIAL REFEREE. This foreclosure action presents the issue of whether a plaintiff mortgagee is entitled to a judgment in which a prepayment penalty is added to the mortgage debt. In Connecticut, only one Superior Court case has cursorily dealt with the issue, but it has been considered by numerous federal and state courts throughout the country. Because the matter is of some significance, this

court has endeavored to read most of the relevant cases and authorities.

The short answer as to whether a prepayment penalty can be included in the mortgage debt in a foreclosure proceeding is that it depends on the language of the prepayment penalty provision in the note and whether the mortgagor defaulted with the intent to avoid the penalty. The facts of this case are as follows.

On October 31, 2005, defendant Robert J. Munson executed a promissory note in favor of the plaintiff, Eastern Savings Bank, FSB, in the amount of $178,000. On the same date, to secure that note, Munson mortgaged to the plaintiff a piece or parcel of land in Windsor Locks. Munson defaulted on the principal and interest due on October 1, 2006, and every month thereafter, and the plaintiff has exercised the option to declare the entire balance due and payable.

The promissory note contains the following provision: "Borrower's Right to Prepay: If this note is prepaid in whole or in part, whether the prepayment is voluntary or involuntary, including any prepayment affected by the Note Holder's exercise of the acceleration provision of this note or the Security Instrument, within thirty-six months from the date of this note, then borrower must pay a prepayment premium. The premium will be six months interest, at the note rate, on the prepaid principal."

Munson filed a disclosure of no defense but stated that he "wishes to preserve and reserve his right to contest the respective rights and priorities of the parties to the funds which may be generated herein." The court granted the plaintiff's motion to default Munson, and the plaintiff moved for judgment. At the hearing on the motion for judgment, the plaintiff submitted an affidavit of debt as follows. Principal balance: $177,596.77; interest at 12.350 percent from September 2, 2006, to April

2, 2007, $13,002.19; late charges to date of acceleration (November 8, 2006), $288.06; prepayment penalty, $10,966.60; escrow balance-advances, broker opinion, $85; and positive escrow balance, $397.66. Total: $201,540.96.

The court disallowed the broker opinion for $85, questioned the inclusion of the prepayment penalty of $10,966.60 as part of the mortgage debt and requested the parties to file briefs on that issue.

Our courts have recognized the legal validity of prepayment penalties in mortgages. They are not against public policy; *Bankers Trust Co.* v. *Ellis*, Superior Court, judicial district of Hartford, Docket No. CV-01-0811511 (May 22, 2002) (*Satter, J.*); or in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. See *Equicredit Corp.* v. *Braese*, Superior Court, judicial district of New Haven, Docket No. CV-01-0074256 (*Curran, J.*) (April 19, 2001). They are specifically allowed, although limited, in General Statutes § 36a-746 et seq., the Connecticut Abusive Home Loan Lending Practices Act. See General Statutes § 36a-746c (6) (A), (B) and (C).

Moreover, the plaintiff is a federal savings bank chartered under § 5 of the Home Owners' Loan Act, 12 U.S.C. § 1464. The director of the federal Office of Thrift Supervision has issued a regulation, 12 C.F.R. § 560.34, which provides in relevant part that "a Federal savings association may impose a fee for any prepayment of a loan."

Prepayment penalties are also recognized to serve an important commercial purpose. They "lock in" the financial yield for which the mortgagee bargained at the inception of the transaction and further compensate the mortgagee for losses that may adhere in a payment

prior to maturity. Those losses include the administrative and legal costs of making a new loan and in some cases, additional tax liability. Restatement (Third), Property, Mortgages § 6.2 (a) (1997). A number of cases confirm the justification of prepayment penalties to compensate lenders for the loss of the bargain if the loan is paid before a specified period of time. See *In re LHD Realty Corp.*, 726 F.2d 327, 330 (7th Cir. 1984); *Baybank Middlesex* v. *1200 Beacon Properties, Inc.*, 760 F. Sup. 957, 966 n.8 (D. Mass. 1991); *Eyde* v. *Empire of America Federal Savings Bank*, 701 F. Sup. 126, 128–29 (E.D. Mich. 1988); *In re Skyler Ridge*, 80 B.R. 500, 504–505 (Bankr. C.D. Cal. 1987).

There are limitations, however, on the right to receive a prepayment penalty. The penalty will not be enforced if it is unconscionable. See 2 Restatement (Second), Contracts §§ 205, 208 (1981). The penalty will not be allowed when the property is condemned by a government exercising its power of eminent domain and the mortgage loan is paid from the funds realized from the condemnation. In *Jala Corp.* v. *Berkeley Savings & Loan Assn.*, 104 N.J. Super. 394, 400–401, 250 A.2d 150 (1969), the Appellate Division of the New Jersey Superior Court stated: "Thus, in the instant case we find that the plaintiffs did not voluntarily exercise any 'right' or 'privilege' to prepay the unpaid balance of the mortgage, as was contemplated by the prepayment clause contained in the mortgage. Rather, the mortgagee was prepaid by reason of the fact that the State pursuant to its paramount right of eminent domain took the property for public use." To the same effect is *Rosemont* v. *Maywood-Proviso State Bank*, 149 Ill. App. 3d 1087, 1092, 501 N.E.2d 859 (1986); see also 55 Am. Jur. 2d, Mortgages § 345 (1996). Similarly, a payment penalty will not be imposed when the mortgage is paid off by an insurance company as a result of fire destroying the premises. *Chestnut Corp.* v. *Bankers Bond & Mortgage*

*Co.*, 395 Pa. 153, 157, 149 A.2d 48 (1959); annot., 86 A.L.R.3d 599 (1978). Again, the rationale is lack of voluntary prepayment.

The limitation on the enforceability of prepayment penalties carries over to foreclosure cases. *In re LHD Realty Corp.*, supra, 726 F.2d 330. Again, the lack of voluntary prepayment by reason of the acceleration of the note is a factor. In the only Connecticut case on the issue, *Farmers & Mechanic's Savings Bank* v. *Davis*, Superior Court, judicial district of New London, Docket No. 55758 (November 27, 1979) (*Hendel, J.*), the note provided: "This mortgage note may not be prepaid during the first two (2) years of this loan." The mortgagor defaulted within the two years, and the mortgagee sought to recover as part of the debt the unpaid interest from the date of the default to the end of the two year period. The court held that "a foreclosure sale is not a voluntary transfer which would invoke a prepayment penalty." Id. It further stated: "The payment of the mortgage note in the present case is analogous to the payment of a mortgage note following a condemnation of the mortgage premises. When mortgaged property is condemned, the mortgagee is not entitled to the specified prepayment penalty. *Associated Schools, Inc.* v. *Dade County*, 209 So. 2d 489 (Fla. App. 1968)." *Farmers & Mechanic's Savings Bank* v. *Davis*, supra, Superior Court, Docket No. 55758.

The general rule is more broadly expressed as follows: when a mortgage note simply provides for a penalty if the note is paid before a specified date, the mortgagor defaults and the mortgagee brings an action to foreclose on the mortgage, a prepayment penalty is not permitted because the note is accelerated at the option of the holder.

As stated in *Kirk* v. *Kitchens*, 49 P.3d 1189, 1194 (Colo. App. 2002): "The rationale of these cases is that

no liability for a prepayment penalty arises from a default; rather, it arises only upon a prepayment as specified in a prepayment penalty provision. Once the note holder accelerated the due date of the loan and demanded full payment, the entire unpaid balance became due under the terms of the note itself, and there was no 'prepayment' to which a prepayment penalty would attach. Alternatively, the choice to accelerate constituted a waiver of the right to a prepayment penalty." The reasoning of this case is followed by numerous courts. In *Slevin Container Corp.* v. *Provident Federal Savings & Loan Assn.*, 98 Ill. App. 3d 646, 648, 424 N.E.2d 939 (1981), the Illinois Appellate Court stated: "We believe where the discretion to accelerate the maturity of the obligation is that of the obligee, the exercise of the election renders the payment made pursuant to the election one made after maturity and by definition not prepayment." To the same effect are the following cases: *In re LHD Realty Corp.*, supra, 726 F.2d 330; *Tan* v. *California Federal Savings & Loan Assn.*, 140 Cal. App. 3d 800, 809, 189 Cal. Rptr. 775 (1983); *Casino Espanol de la Habana, Inc.* v. *Bussel*, 566 So. 2d 1313, 1314 (Fla. App. 1990), review denied, 581 So. 2d 163 (Fla. 1991); *Florida National Bank* v. *Bankatlantic*, 557 So. 2d 596, 598 (Fla. App. 1990), approved, 589 So. 2d 255 (Fla. 1991); *Martin* v. *Southern Atlantic Investment Corp.*, 160 Ga. App. 852, 854, 287 S.E.2d 692 (1982); *Broadway Bank* v. *Star Hospitality, Inc.*, 695 N.W.2d 43 (Iowa App. 2004); *Ferreira* v. *Yared*, 32 Mass. App. 328, 330, 588 N.E.2d 1370, review denied, 412 Mass. 1105, 595 N.E.2d 326 (1992); *Kilpatrick* v. *Germania Life Ins. Co.*, 183 N.Y. 163, 168, 75 N.E. 1124 (1905); *3C Associates* v. *IC & LP Realty Co.*, 137 App. Div. 2d 439, 440, 524 N.Y.S.2d 701 (1988); *Northwestern Mutual Life Ins. Co.* v. *Uniondale Realty Associates*, 11 Misc. 3d 980, 990–91, 816 N.Y.S.2d 831 (2006); *George H. Nutman, Inc.* v. *Aetna Business Credit, Inc.*, 115

Misc. 2d 168, 169, 453 N.Y.S.2d 586 (1982); *Wide Scope, Inc.* v. *Freedom Federal Savings & Loan Assn.*, 35 Ohio Misc. 2d 25, 25, 520 N.E.2d 35 (1987); *American Federal Savings & Loan Assn.* v. *Mid-America Service Corp.*, 329 N.W.2d 124, 126 (S.D. 1983); see also annot., 86 A.L.R.3d, supra, 605.

The courts however recognize that there cannot be a *per se* rule that acceleration precludes a claim for a prepayment provision because a borrower may default intentionally and induce the acceleration and foreclosure in order to avoid prepayment liability. One court deemed that scenario to be implausible given the ramifications of a default for a borrower's credit rating and the risk of the borrower's not being able to repay the loan in time to defeat the foreclosure sale. See *In re LHD Realty Corp.*, supra, 726 F.2d 331. Similarly, in Connecticut, the implausibility of a mortgagor's intentionally defaulting to defeat a prepayment penalty is further substantiated by the cost of the foreclosure, which, including filing fees, counsel fees, appraisal fee, title fee and committee fee, amounts to close to $10,000 in a foreclosure by sale.

When there is clear evidence, however, that the mortgagor did intentionally default in order to avoid the prepayment penalty, the courts have no difficulty requiring that the prepayment penalty be added to the mortgage debt. Thus, in *Clean Harbors, Inc.* v. *John Hancock Life Ins. Co.*, 64 Mass. App. 347, 359–60, 833 N.E.2d 611, review denied, 445 Mass. 1105, 836 N.E.2d 1095 (2005), in which the mortgagor voluntarily defaulted on the loan because he had obtained another loan from another lender, the Massachusetts Appeals Court held that the prepayment penalty provision could be enforced. Likewise, in *Florida National Bank* v. *Bankatlantic*, 589 So. 2d 255, 258–59 (Fla. 1991), the Florida Supreme Court held that where the mortgagor had intentionally defaulted on the loan, it would be

inequitable to escape liability under the prepayment clause. To the same effect is *Bincalana* v. *Fleming*, 45 Cal. App. 4th 698, 703–704, 53 Cal. Rptr. 2d 47 (1996).

Where the promissory note, however, expressly provides for imposition of a prepayment premium upon acceleration, that premium is required to be included in the final foreclosure judgment. Thus, in *Feinstein* v. *New Bethel Missionary Baptist*, 938 So. 2d 562, 563 (Fla. App. 2006), the note provided: "If any payment required to be made by the terms of this note . . . is not paid on or before the due date therefor . . . the whole of the unpaid principal hereof, together with accrued interest and outstanding default interest, and in addition, any prepayment fee shall . . . become due and payable. . . . Acceleration of the debt as set forth in this paragraph constitutes an involuntary prepayment for which the prepayment fee provided for elsewhere herein shall be due and payable. This clause specifically was bargained for as consideration for the extension of credit based upon the interest rate granted by lender."

The Florida appeals court in *Feinstein* allowed the prepayment fee on the ground that the parties bargained for that provision and that it should be enforced. Id., 563–64. To the same effect is *SO/Bluestar, LLC* v. *Canarsie Hotel Corp.*, 33 App. Div. 3d 986, 825 N.Y.S.2d 80 (2006), in which the Appellate Division of the New York Supreme Court stated: "The note contained an express provision providing for the payment of prepayment consideration in the event of acceleration upon default, and such a provision is enforceable." (Citations omitted.) Id., 987. Likewise, in *TMG Life Ins. Co.* v. *Ashner*, 21 Kan. App. 2d 234, 255, 898 P.2d 1145 (1995), the Kansas Court of Appeals held that the provision in the promissory note that specifically required a prepayment premium in case of acceleration upon default did not violate public policy and was enforceable. The court noted that parties are bound by their

contract when the contract is not illegal or contrary to public policy or the result of fraud, mistake or duress. Id., 253–55.

This case falls into the latter category. As noted previously, the provision in the note provided: "If this note is prepaid in whole or in part, whether the prepayment is voluntary or *involuntary*, including any prepayment affected by the Note Holder's exercise of the acceleration provision of this note or the Security Instrument, within thirty-six months from the date of this note, then borrower must pay a prepayment premium. The premium will be six months interest, at the note rate, on the prepaid principal." (Emphasis added.) This is virtually the exact language of the note in *SO/Bluestar, LLC* v. *Canarsie Hotel Corp.*, supra, 33 App. Div. 3d 986, and *TMG Life Ins. Co.* v. *Ashner*, supra, 21 Kan. App. 2d 247. All of these cases hold that the prepayment penalty is enforceable in a foreclosure proceeding. This court holds it so enforceable in this case.

As a consequence, the court finds the mortgage debt to be $201,455.96 ($85 for broker opinion is subtracted), which includes a prepayment premium of $10,966.60. The court finds the appraised value of the subject property is $240,000 and renders judgment of foreclosure by sale. The sale date shall be September 8, 2007, at noon, publication shall be on August 26 and September 2, 2007, the sign on the premises shall be on August 8, the return of appraisers on August 28 and no interest or fees shall be incurred before July 31. The plaintiff is further awarded counsel fees of $2200, a title fee of $225 and an appraiser's fee of $200.