961 So.2d 1074 (2007)
Mark FEINSTEIN, Appellant,
v.
William H. ASHPLANT, Appellee.
No. 4D06-2446.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
*1075 Jason B. Dubow of Dubow, Dubow & Wallace, Dania Beach, for appellant.
No brief filed for appellee.
KLEIN, J.
Appellant obtained a summary judgment of foreclosure of a mortgage against appellee, but the trial court refused to award appellant a prepayment fee which was required by the promissory note. The pertinent portion of the note provided:
Acceleration of the debt as set forth hereinunder constitutes an involuntary prepayment for which the prepayment fee provided for elsewhere herein shall be due and payable.
The trial court denied the fee on the ground that prepayment fees are discretionary. We reverse.
The trial court concluded that it had discretion to not award the prepayment fee based on Florida National Bank v. Bankatlantic, 589 So.2d 255, 258-59 (Fla. 1991), which adopted the following reasoning of this court in Florida National Bank v. Bankatlantic, 557 So.2d 596, 598 (Fla. 4th DCA 1990), as follows:
We endorse the general rule that unless otherwise specifically provided for in the note, the lender cannot upon the lender's acceleration also collect the prepayment penalty. Such a rule is based on the premise that it was the lender's voluntary choice of exercising the option to collect full payment now, rather than waiting, that accelerated the maturity date of the loan. However, it is axiomatic that a party to a contract should not profit from his own intentional default. We feel that courts should deal with the difficulty of intentional defaults by denying the acceleration exception and finding liability for the prepayment penalty in appropriate cases. In commercial settings, under scenarios such as the instant case, courts should be allotted the discretion to consider the question of timeliness of default, the voluntary nature of the tender of full payment of the note and the involuntary nature of the lender's action to accelerate the note and make exceptions to the general rule. The trial court weighed these considerations and we affirm its finding of liability.
Fla. Nat'l Bank v. Bankatlantic, 589 So.2d at 258-59. That case is distinguishable, however, in that the Bankatlantic promissory note included two entirely separate and unconnected clauses, one providing for involuntary acceleration of the loan upon default, and the other providing for prepayment fees upon voluntary prepayment. In this case, the contract expressly provides that involuntary acceleration upon default would constitute prepayment subject to the prepayment fee.
The precise issue involved in this case was recently addressed in Feinstein v. New Bethel Missionary Baptist, 938 So.2d 562 (Fla. 3d DCA 2006), involving this same appellant and a similar provision.
In holding that, where the note specifically provides that acceleration by the lender will obligate the borrower to pay the prepayment fee, the fee is owed, the court quoted from Westmark Commercial Mortgage Fund IV v. Teenform Associates, L.P., 362 N.J.Super. 336, 827 A.2d 1154, 1161 (N.J.Super.Ct.App.Div.2003):
While there is a certain ineluctable logic to the statement that payment after acceleration cannot be considered prepayment, we can perceive no reason why the debtor should be relieved of the terms of the contract freely entered into. The terms were clear and unambiguous, the parties clearly experienced and sophisticated in loan transactions of this type. The certainty of the remedy provided *1076 by the clause undoubtedly affected the pricing of the loan. If we were to deem the clause unenforceable, we would be providing defendants with a better contract than they were able to negotiate for themselves; we decline to do so.
We agree with Feinstein and hold that under a provision requiring the prepayment fee where the lender accelerates, there is no discretion to deny payment of the fee.
Reversed.
STEVENSON and MAY, JJ., concur.